IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY W. WILSON, | |
| Petitioner, | **4:17CV3155** |
| vs. | |
| SCOTT FRANKS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

This matter is before the court on Petitioner's Motion for Leave to Proceed in Forma Pauperis ("IFP") ([Filing No. 2](#)) and Motion for Counsel ([Filing No. 4](#)).

### MOTION TO PROCEED IFP

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee. [28 U.S.C. § 1914(a)](#). The court has reviewed the application to proceed IFP pursuant to [28 U.S.C. § 1915(a)(1)-(2)](#). Petitioner's trust account information shows that Petitioner's account contained an average monthly balance of $100 or more for the six-month period immediately preceding the filing of the petition. ([Filing No. 3](#).) Thus, the court concludes that Petitioner must be required to pay the $5.00 filing fee because he has the financial ability to do so. *See* [28 U.S.C. § 1915(a)](#). No further review of this case will take place until the fee is paid.

### MOTION FOR COUNSEL

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *[McCall v. Benson](#)*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the

petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's request to proceed IFP (Filing No. 2) is denied.

2. Petitioner must pay the $5.00 filing fee within 30 days. Petitioner is warned that if the fee is not paid as required, the court may dismiss this case without further notice.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 2, 2018**: deadline for Petitioner to pay $5.00 filing fee.

4. No further review of this case will take place until the filing fee is paid.

5. Petitioner's Motion to Appoint Counsel (Filing No. 4) is denied without prejudice to reassertion.

Dated this 1st day of December, 2017.

                                               BY THE COURT:

                                               s/ *Richard G. Kopf*
                                               Senior United States District Judge