IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY W. WILSON, | |
| Petitioner, | 4:17CV3155 |
| vs. | |
| SCOTT R. FRAKES, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner Timothy W. Wilson's Motion to Stay (filing no. 21) and Motion to Expand the Record (filing no. 22).

## I. MOTION TO STAY

Petitioner asks the court to stay these proceedings "until such time [as] this court expands the record, holds an ev[i]dentiary hearing in l[ie]u of a records hearing or makes a ruling on the requested Expansion of the record." (Filing No. 21.) "Upon Expansion of the Record," Petitioner requests for "a continuance of no less than 90 days to perfect his response." (*Id*.) As Respondent notes in his response to Petitioner's motion (filing no. 23), "Wilson is not asking for a traditional stay of the habeas proceedings, but instead is simply asking for an extension of time to file his brief after this Court rules on his Motion to Expand the Record (filing no. 22)." Respondent does not object to Petitioner receiving an extension of his brief due date. Accordingly, the court will grant Petitioner's request for an extension of time, and Petitioner shall have 90 days from the date of this order to file his brief in response to Respondent's Answer (filing no. 19) and Brief in Support of Answer (filing no. 20).

# II. MOTION TO EXPAND THE RECORD

In his Motion to Expand the Record, Petitioner asks the court to expand the record to include ninety-seven documents. Respondent has filed a Brief in Opposition to Petitioner's motion. (Filing No. 24.)

**A. Background**

A brief recitation of the background of this case, as set forth in Respondent's brief (filing no. 24), is helpful. Petitioner pled guilty to two counts of first degree sexual assault on a minor and one count of creating or generating sexually explicit visual depiction, being more than 19 years of age. He was subsequently sentenced to a total of 60 to 90 years in prison. The state district court's judgment was affirmed on direct appeal, with the only claim raised being excessive sentence.

Following his direct appeal, Petitioner filed a motion for postconviction relief, which included various claims of ineffective assistance of counsel and trial court error. The motion was dismissed by the state district court without an evidentiary hearing, and the lower court's judgment was again affirmed on appeal. This habeas petition followed.

On May 5, 2018, Respondent filed the Designation of State Court Records in Support of his Answer. (Filing No. 11.) Respondent attached to the Designation all state court records for this case, which included the state district court records that had been filed in the state appellate courts—the transcripts of filings and the bill of exceptions for Petitioner's plea, sentencing, and postconviction proceedings. (*See* Filing Nos. 11-9 through 11-12.) Respondent states that the transcripts and bill of exceptions already filed in this case are the entire record that was before the state appellate courts. Respondent further avers that he is not in possession of any other transcripts of filings or hearings that have not already been filed with this Court. (*See* Filing No. 19 at CM/ECF p. 2, Answer at ¶ 9.) Also attached to the Designation were the docket sheets of the state appellate courts for Petitioner's

direct appeal and postconviction appeal, as well as all the briefs filed by Petitioner and the State in those appeals. (*See* Filing Nos. 11-1 through 11-8.)

Petitioner filed the present Motion to Expand the Record on August 27, 2018. (Filing No. 22.) Petitioner previously sought to expand the record to include ninety-five of the same documents he now requests to add, and this court denied his request as premature since Respondent had not yet filed an answer and brief. (*See* Filing Nos. 13 and 15.)

**B. Discussion**

Petitioner's Motion to Expand the Record is governed by Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Rule 7 permits the court to direct the parties to expand the record by submitting additional materials relating to the petition. However, this power is permissive and granted or denied at the court's discretion.

Here, the majority of the ninety-seven documents listed in Petitioner's motion are already filed with the court, namely requested document numbers 3–6, 12–16, 18–24, 28–43, 45–48, 50–51, 53–63, 65–80, 82, 84–85, 88–92, and 97. The remaining requested documents fall into the following categories:

1) Other court records from Petitioner's state court proceedings (document numbers 17, 44, 49, 52, 64, 81, 83, and 86–87),
2) Documents relating to the criminal investigation underlying Petitioner's conviction (document numbers 1–2, 7–11, 25–27, 93–95), and
3) Documents relating to Petitioner's trial counsel (document number 96).

"When a petitioner seeks to introduce evidence pursuant to [Rule 7], the conditions prescribed by § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (citing *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)). Under 28 U.S.C. § 2254(e)(2) "[a] habeas petitioner must develop the factual basis

3

of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005). A petitioner must also show that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and (e)(2)). A federal habeas court is "not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

Petitioner seeks to supplement the record with additional documents from his state court proceedings. Respondent was previously ordered to file "all state court records that are relevant to the cognizable claims." (Filing No. 8 at CM/ECF p. 4, ¶ 4(A).) As discussed above, Respondent has filed all relevant transcripts of filings and hearings that were presented to the state appellate courts. Petitioner has not provided any specific indication as to why the documents he seeks to add to this case are relevant or should be considered by the court. Rather he has listed documents he wants to add, stating only that they "are required for a complete and accurate assessment of the Petitioner's claims and establishing . . . what is or is not part of the record." (Filing No. 22 at CM/ECF p. 10.) Without some showing of why each of the specific documents is necessary, the court will not allow the record to be expanded.[1]

---

[1] The court takes this opportunity to note that the state court and appellate records from Petitioner's criminal proceedings in *State v. Wilson*, CR14-39 and A-14-707, are available to this court online through the Nebraska state courts' record-keeping system JUSTICE. The court is able to view the documents listed in Petitioner's motion at document numbers 44, 49, 52, 81, and 83, but the other documents (document numbers 17, 64, 86, and 87) do not appear on JUSTICE. Even with the benefit of viewing some of the requested documents, the court fails to see how the documents are relevant or necessary to the claims presented in this habeas action.

To the extent Petitioner's motion seeks to expand the record with documents outside of the state court proceedings, he does not address the requirements of 28 U.S.C. § 2254. Respondent asserts that Petitioner's habeas claims are either without substantive merit or have been procedurally defaulted. (Filing No. 20 at CM/ECF pp. 8–13.) The U.S. Supreme Court has held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, the record cannot be expanded in this case to address Petitioner's claims that were rejected on the merits by the state appellate courts absent the necessary showing under 28 U.S.C. § 2254(e). Regarding the remaining habeas claims which are alleged to be procedurally defaulted, the court does not address the merits of a procedurally defaulted claim unless a petitioner can overcome the default. Because Petitioner has yet to respond to Respondent's brief in this case, Petitioner has not overcome any such default, nor does he argue that any of the documents requested are relevant to any showing of cause or prejudice to overcome any default. Accordingly, he has not established he is entitled to expand the record and his Motion to Expand the Record (filing no. 22) is denied.

IT IS THEREFORE ORDERED that:

1. Petitioner's "Motion to Stay" (filing no. 21), which the court construes as a motion for extension of time, is granted. Petitioner shall have until **December 26, 2018**, to file a brief in response to Respondent's Answer and Brief in Support.

2. Petitioner's Motion to Expand the Record (filing no. 22) is denied.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 26, 2018**: check for Petitioner's brief in response.

Dated this 25th day of September, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge