IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY W. WILSON,<br><br>    Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>    Respondent. | 4:17CV3155<br><br>**MEMORANDUM AND ORDER** |

  This matter is before me on Petitioner Timothy W. Wilson's motion requesting "an additional thirty (30) days to file a notice of appeal on Case #4:17CV3155 and this court[']s decision on November 2nd, 2020." (Filing 35.)

  On May 29, 2019, I denied and dismissed with prejudice Wilson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Filings 31 & 32.) In doing so, I also denied Wilson a certificate of appealability. *See* Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Nearly 17 months later, on October 19, 2020, Wilson filed an Application for Certificate of Appealability (filing 33), which I construed as a motion and denied in a Memorandum and Order dated November 2, 2020 (filing 34). Wilson filed the present motion on December 14, 2020 seeking an extension of time in which to file an appeal. (Filing 35.)

  To the extent Wilson seeks to appeal the November 2, 2020 order denying his motion for a certificate of appealability, such an appeal is not permissible. Rather, the proper course of action would be for Wilson to seek a certificate from the Eighth Circuit Court of Appeals in conjunction with an appeal of the denial of his habeas petition. Rule 11 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("If the court denies a certificate, the parties may not

appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) ("If the district judge has denied the certificate [of appealability], the applicant may request a circuit judge to issue it."). However, the Federal Rules of Appellate Procedure require that a petitioner appealing the denial of a petition for a writ of habeas corpus file both a notice of appeal and a request for a certificate of appealability. Fed. R. App. P. 3(a)(1), 22(b). *See United States v. Grant*, No. 8:04CR267, 2007 WL 2156347, at *1 (D. Neb. July 25, 2007).

Liberally construed, Wilson's October 19, 2020 Application for Certificate of Appealability could be considered a notice of appeal from the court's May 29, 2019 order and judgment *if* it had been timely filed. *See Turner v. Armontrout*, 922 F.2d 492 (8th Cir. 1991) (construing pro se petitioner's application for certificate of appealability filed within 30 days of judgment dismissing habeas petition as a notice of appeal where application satisfied requirements of Fed. R. App. P. 3(c)). However, Wilson's application was grossly untimely.

Federal Rule of Appellate Procedure 4(a)(1)(A) sets forth that a notice of appeal in a civil case must be filed within 30 days of the entry of judgment. This requirement is both "mandatory and jurisdictional." *Burgs v. Johnson Cnty., Iowa*, 79 F.3d 701, 702 (8th Cir. 1996). A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A). In addition, if a party files one of the post-judgment motions listed in Rule (a)(4)(A), the time to file the appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A).

Here, the court entered a final judgment dismissing this case on May 29, 2019. Wilson filed his Application for Certificate of Appealability 509 days later. He did not file any post-judgment motions that would extend the time to file a notice of appeal. In addition, his present motion to extend the time to file a notice

of appeal was filed well outside the time limit set forth in Fed. R. App. P. 4(a)(5)(A). Accordingly, I find that Wilson is not entitled to any extension of time in which to file a notice of appeal.

IT IS THEREFORE ORDERED that: Petitioner's motion for an extension of time to file a notice of appeal (filing 35) is denied.

Dated this 21st day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge